UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MIGUEL LARACUENTE,

        Petitioner,

  v.

Case No. 21-cv-1327-pp

STATE OF WISCONSIN,

        Respondent.

---

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1.), DENYING AS MOOT PETITIONER'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

---

On November 17, 2021, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. Two weeks later, the petitioner paid the §5.00 filing fee. The same day, he filed a motion to proceed without prepaying the filing fee, dkt. no. 4, and a prisoner trust account statement, dkt. no. 5.

The court will deny the petition and dismiss the case. It will deny as moot the motion for leave to proceed without prepaying the filing fee.

**I.    Background**

The petitioner states that he is in the Cook County Jail. Dkt. No. 1 at 1. As the address of custodial location, the petitioner lists "2700 S. California Ave Chicago, IL 60604." Id. at 3. In the "SUBJECT OF THIS APPLICATION" section of the petition, the petitioner marked "Other" and wrote

1

> Release of warrant and issuance of a new court date. I have been detained for 4 months. I was homeless for 1 ½ yrs with no mailing address and I didn't know I had a court date. I have a place now and do not want to be homeless again. Please reissue my court date.

Id. In the section asking who took the relevant action forming the subject of the petition, the petitioner wrote "Kenosha County." Id. The petition describes no grounds for relief. Id. at 11-13. Under "REQUEST FOR RELIEF," the petitioner wrote:

> After I was initially arrested and then let go I was never informed of a court date. Shortly after I was released I did become homeless and did not have a mailing address. Unfortunately for me I was very unaware I had a warrant. I was placed in a homeless shelter in Chicago, 3 months later I was able to rent a place. I am currently in jeopardy of losing that place and my employment as I have been in custody 4 months now in Cook County DOC. I am asking to please drop the warrant and issue me a new court date so I can resolve this as well as retain my place of residence.

Id. at 13.

**II.  Analysis**

    A.    <u>Standard</u>

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

2

respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court checked the public docket on the Wisconsin Circuit Court Access Program (https://wcca.wicourts.gov). There is a Wisconsin criminal case pending against the petitioner in the Kenosha County Circuit Court, State v. Laracuente, Case No. 2020CF000090, Kenosha County Circuit Court. Id. The complaint was filed on January 23, 2020 and an arrest warrant issued on January 23, 2020. Id. There is a docket note dated December 21, 2021, which

3

states, "Mom at the counter stating son, def, is in custody in Chicago. Chicago needs Kenosha to cancel the warrant so he may be released from Chicago. Mother filed paperwork in US District Court Eastern District of Wisconsin—Application for Writ of Habeas Corpus." Id.

It is not clear who signed and filed the petition. The petition is dated November 5, 2021. Dkt. No. 1 at 14. The signature on the last page is illegible. Id. There is a section at the end of the petition that states, "If you are signing the application and are not the applicant, state your relationship to the applicant and explain why the applicant is not signing this application." Id. That section of the petition is blank. The petition is written in the first person.

If, as the state-court docket seems to indicate, the petitioner's *mother* filed the petition, she should have completed the section at the end of the petition. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." "One cannot file a *habeas* petition on behalf of a detainee if that detainee could file the petition; a 'next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition.'" E.T. by Thames v. Milwaukee Police Dep't, No. 20-cv-170-pp, 2021 WL 1610103, at *2 (E.D. Wis. Apr. 26, 2021) (quoting Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989)). If someone other than the petitioner filed the petition and did not explain why the petitioner could not file it himself, "the court is without jurisdiction to consider the petition." Id.

The court cannot be sure that the petitioner did not sign the petition; as indicated, the signature is illegible. So the court will review the petition itself. The petition was filed under 28 U.S.C. §2241. Dkt. No. 1. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson, 796 F.3d at 843 (citations omitted). But the Seventh Circuit has interpreted §2241 "to mean that the only proper venue for habeas proceedings is the federal district in which the petitioner is detained." Kholyavskiy v. Achim, 443 F.3d 946, 951 (7th Cir. 2006) (citing al-Marri v. Rumsfeld, 360 F.3d 707, 709-710 (7th Cir. 2004)). See also, Chazen v. Marske, 938 F.3d 851, 860 (7th Cir. 2019) ("it is well established that if relief under § 2241 is available at all, it must be sought in the district of incarceration."). The petition states that the petitioner currently is in the custody of the Cook County Department of Corrections in Chicago, Illinois, which is located in the Northern District of Illinois. The petitioner should have filed his §2241 petition in the federal court for the Northern District of Illinois, the district where he is incarcerated.

But even if the petitioner had filed his petition in the Northern District of Illinois, that court likely would have denied the petition. The Wisconsin state court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate.

5

> Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not cited extraordinary circumstances. He may address his concerns in state court—he may file a motion before the Kenosha County Circuit Court, asking that court to quash his arrest warrant. He may file a motion in Kenosha County Circuit Court, asking that court to appoint him a lawyer. He may ask the Clerk of the Kenosha County Circuit Court to set a new court date. He may ask the Kenosha County Circuit Court to order that he be extradited from Illinois to Wisconsin. The appropriate place for the petitioner to seek relief while his state criminal case is pending is in the state court because this court cannot interfere with the pending state proceedings.

It also appears that any request for federal *habeas* relief is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). It does not appear that the petitioner has attempted to address his desire to be released and to obtain a new court date with the state court.

Finally, the relief the petitioner seeks—an order quashing a warrant and a scheduling a court date—is relief that only the state court has the authority to grant.

For these reasons, the court will deny the petition. Because the petitioner already has paid the filing fee, the court will deny as moot the petitioner's motion to proceed without prepaying the filing fee.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**